```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____

MARY DEERING,

                Plaintiff,            Civil No. 14-3435 (NLH/JS)
v.
                                      **OPINION**
DONALD ELLWOOD GRAHAM, et al.,

                Defendants.
_____
```

Appearances:

Robert R. Fuggi
Fuggi Law Firm
47 Main Street
P.O. Box 1808
Toms River, NJ 08754
    *Attorney for Plaintiff*

Eric David Wong
Louis Smith
Greenberg Traurig
500 Campus Drive
Suite 400
P.O. Box 677
Florham Park, NJ 07932
    *Attorneys for Defendants Donald Elwood Graham and Graham Financial Services LLC*

Jed L. Marcus
Emily Jane Bordens
Bressler, Amery & Ross, PC
325 Columbia Turnpike
Florham Park, NJ 07932
    *Attorneys for Defendants Executive Wealth Advisors LLC and JP Turner & Co. LLC*

**HILLMAN**, District Judge

As the Court set forth in its April 12, 2016 Order to Show Cause, Plaintiff's complaint was originally filed in this Court on May 30, 2014 and contained both federal securities claims as well as state law claims. On January 30, 2015, Magistrate Judge Joel Schneider severed Plaintiff's securities claims and found they were subject to arbitration. (See Jan. 30, 2105 Op. and Order [Doc. Nos. 15, 16].) Plaintiff thereafter voluntarily dismissed with prejudice Counts 2-11 of her complaint, leaving only Counts 1 (NJLAD) and 12 (assault and sexual battery) of her original complaint to be litigated. (See Aug. 12, 2015 Stipulation [Doc. No. 29].)

On September 25, 2015, Plaintiff amended her complaint. [Doc. No. 44]. In her amended complaint, Plaintiff alleges that the Court has original jurisdiction under the Securities and Exchange Act, 15 U.S.C. § 78a et seq., and supplemental jurisdiction pursuant to 28 U.S.C. § 1367[1] over her state law claims. (Am. Compl. ¶ 11.) Plaintiff's amended complaint contains three counts: NJLAD (Count I), assault and sexual battery (Count II) and "vicarious liability and respondeat

---

[1] Pursuant to 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

2

superior" (Count III).  Plaintiff's amended complaint does not state any claims under the Securities and Exchange Act or any other federal law.[2]  The parties concede they are not diverse.

Federal courts have an independent obligation to address issues of subject matter jurisdiction <u>sua sponte</u> and may do so at any stage of the litigation.  <u>Zambelli Fireworks Mfg. Co., Inc. v. Wood</u>, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'") (citing <u>Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n</u>, 554 F.2d 1254, 1256 (3d Cir. 1977)).  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987).  "The rule makes the plaintiff the master of the claim; he or she may avoid federal

---

[2] It is well established that "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." <u>Rockwell Int'l Corp. v. United States</u>, 549 U.S. 457, 473-74, 127 S. Ct. 1397, 1409, 167 L. Ed. 2d 190 (2007). Additionally, Plaintiff does not incorporate her original complaint in her amended complaint.

3

jurisdiction by exclusive reliance on state law." Id.

In order to exercise supplemental jurisdiction over Plaintiff's state claims, the Court must have jurisdiction over one or more related federal claims in the complaint. Lyon v. Whisman, 45 F.3d 758, 760 (3d Cir. 1995) (citing United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). Stated a different way, Section 1367(a) does not provide an independent basis for federal subject matter jurisdiction. Kohn v. AT & T Corp., 58 F. Supp. 2d 393, 421 (D.N.J. 1999) ("Supplemental jurisdiction depends upon the existence of subject matter jurisdiction over other claims in the action."). Here, Plaintiff filed her complaint in federal court on the basis of federal question jurisdiction and then voluntarily amended her complaint to exclude any federal claims. Thus, there is no remaining federal claim to which supplemental jurisdiction may be based upon.

While the Third Circuit has not ruled squarely on the same procedural posture presented in this case, when a plaintiff files his or her complaint in federal court, then voluntarily amends that complaint to drop all federal claims, other federal courts are in agreement that the district court must dismiss the complaint.[3] See, e.g., Boelens v. Redman Homes, Inc., 759 F.2d

---

[3] This makes sense because it prevents plaintiffs from forum shopping. Otherwise, any plaintiff who wished to litigate in

4

504, 507-08 (5th Cir. 1985) ("In that case [of original federal question jurisdiction in which the plaintiff, rather than the defendant, is invoking the jurisdiction of the federal court] because the burden is on the plaintiff to establish jurisdiction in the first instance, we conclude that the plaintiff must be held to the jurisdictional consequences of a voluntary abandonment of claims that would otherwise provide federal jurisdiction."); 13D Fed. Prac. & Proc. Juris. § 3567 (3d ed.) ("The situation in which the federal claim is dismissed should be distinguished from the situation in which an amendment to the complaint eliminates the original basis of federal jurisdiction. In the latter scenario, the amended complaint supersedes the original complaint, and the case should be treated as though the plaintiff has pleaded no basis of federal jurisdiction. In such a case, retaining jurisdiction of the non-federal claims is improper."); see also Hemispherx Biopharma, Inc. v. Asensio, No. 98-5204, 2000 WL 807012, at *2-3 (E.D. Pa. June 7, 2000) (dismissing complaint where plaintiff omitted federal claims in the amended complaint) (citing Wellness Cmty.-Nat'l v. Wellness House, 70 F.3d 46, 50 (7th Cir. 1995) (vacating judgment where the amended complaint no longer contained federal claims and

---

federal court could tack on a federal claim, file the complaint, then drop the claim which formed the basis for federal subject matter jurisdiction and remain in federal court.

5

"there was no federal claim to which these state claims could be 'supplemental'")).

In their letter briefs, the parties skirt the procedural posture of this case and ask the Court to exercise its discretion to retain jurisdiction. They cite only to cases originally brought in state court or cases where the court dismissed the federal claims. See Def.'s Letter Br. (citing Williams v. Newark Beth Israel Med. Ctr., 322 F. App'x 111, 112-13 (3d Cir. 2009) (district court properly exercised it discretion to remand case back to state court pursuant to under 28 U.S.C. § 1441(c) after plaintiff withdrew her state claims); Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 276 (3d Cir. 2001) (district court properly exercised its discretion to exercise supplemental jurisdiction and not remand after federal claims were dismissed); New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1506 (3d Cir. 1996) (district court had discretion to retain jurisdiction over state law claims when the jurisdiction-conferring party was granted summary judgment and dismissed from the case)); Pl.'s Letter Br. (citing Annulli v. Panikkar, 200 F.3d 189, 202 (3d Cir. 1999), overruled on other grounds by, Rotella v. Wood, 528 U.S. 549 (2000) (holding that the district court may decline to exercise supplemental jurisdiction if it has dismissed all federal claims); Pacheco v. Rosenberg, No. 12-4513, 2013 WL

6

588225, at *4 (D.N.J. Jan. 24, 2013), report and recommendation adopted, 2013 WL 588246 (D.N.J. Feb. 13, 2013) (defendant's motion to remand third-party complaint denied after he withdrew his federal claims because court had discretion to exercise supplemental jurisdiction under removal statute)).

Here, the Court did not dismiss Plaintiff's federal claims, and this case was not originally filed in state court and removed by Defendants.[4]  The jurisdictional problem that exists here is that Plaintiff has a controlling complaint which alleges only state tort causes of actions.  There are no federal claims for these state claims to "supplement."  Further, even if there was a claim within Plaintiff's amended complaint to which supplemental jurisdiction could be based, the Court would exercise its discretion pursuant to 28 U.S.C. § 1367 (c)(2)[5] not to hear the state tort claims because they substantially predominate over the remaining case (indeed, they are the only claims).  Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788

---

[4] Where federal claims which formed the basis of removal are dropped from a case, the district court is not automatically deprived of jurisdiction. Felice v. Sever, 985 F.2d 1221, 1225 (3d Cir. 1993).  This is not the case here because Plaintiff chose to file in federal court and no longer asserts any federal claims.

[5] This section provides that a district court may decline to exercise supplemental jurisdiction if the claim substantially predominates over the claim or claims over which the district court has original jurisdiction. 28 U.S.C. § 1367(c)(2).

7

(3d Cir. 1995) (citing Gibbs, 383 U.S. at 726-27, 86 S.Ct. at 1139) ("[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals."). To hear these state tort claims would be to permit "a federal tail to wag what is in substance a state dog," Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 789 (3d Cir. 1995), and in this case, the dog has no tail at all.[6]

Accordingly, the case will be dismissed and an appropriate Order will be entered.

                                       s/ Noel L. Hillman
                                    NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey
Date: April 28, 2016

---

[6] In an Opinion and Order dated January 30, 2015, Judge Schneider considered whether Plaintiff's contract, financial, and securities claims, as well as her state tort claims for sexual assault and battery, were subject to mandatory arbitration. Judge Schneider considered six separate brokerage agreements Plaintiff signed, all of which contained similar arbitration clauses. Judge Schneider found that all of Plaintiff's contract, financial, and securities claims fell squarely within the "plain meaning" of the arbitration clauses. (Jan. 30, 2015 Op. at 20-21 [Doc. No. 15].) This finding supports the conclusion that Plaintiff's original claim of subject matter jurisdiction in this case was thin at best.

8